**Di LI, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Eric H. Holder Jr., Attorney General,[1] Respondents.**

No. 08–1492–ag.

United States Court of Appeals, Second Circuit.

March 2, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Yee Ling Poon, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Daniel E. Goldman, Senior Litigation Counsel, Andrew B. Insenga, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondents.

Present PIERRE N. LEVAL, ROSEMARY S. POOLER and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Di Li, a male native and citizen of China, seeks review of a March 11, 2008 order of the BIA, affirming the April 27, 2006 decision of Immigration Judge ("IJ") Elizabeth A. Lamb, which denied Li's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Di Li,* No. A98 593 690 (B.I.A. Mar. 11, 2008), *aff'g* No. A98 593 690 (Immig. Ct. N.Y. City Apr. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. Questions of law and the application of law to undisputed fact are reviewed *de novo. See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

█ █ Here, we conclude that the record supports the agency's determination that Li failed to establish eligibility for asylum or withholding of removal. Before

the agency, Li asserted that he feared persecution on account of China's family planning policy. In light of the fact that Li is unmarried, has no children, and has had no contact with China's family planning officials, the agency reasonably found his fear of persecution on this ground too speculative to be well-founded. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Moreover, the agency correctly concluded that Li was ineligible for asylum based on the forced sterilization of his mother and aunts. *See Tao Jiang v. Gonzales,* 500 F.3d 137, 140–41 (2d Cir.2007) (citing *Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 308–09 (2d Cir. 2007)).

█ Li's final assertion in support of his asylum claim was that he had established a well-founded fear of persecution by demonstrating that he would be imprisoned for illegally departing China. Specifically, Li argued that, where he illegally departed China to avoid its family planning policy, any resulting imprisonment would be on account of his political opinion or imputed political opinion and would constitute persecution. As Li admits illegally departing China, the agency properly found that he was ineligible for relief on this ground, noting that prosecution for violating a generally applicable statute does not alone constitute a valid basis for granting asylum. *Qun Yang v. McElroy,* 277 F.3d 158, 163 n. 5 (2d Cir.2002) (per curiam).

For these reasons, the agency did not err in finding that Li failed to establish a well-founded fear of future persecution. The agency acted reasonably in denying Li's asylum and withholding of removal claims because they were based on the same factual predicate. *Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

█ Li further challenges the agency's denial of his application for CAT relief,

arguing that the background evidence in the record demonstrates that it is more likely than not that he will be tortured by Chinese government officials on account of his illegal departure from that country and by smugglers and loan sharks with the acquiescence of government officials on account of his unpaid debt. We have held that an applicant cannot demonstrate that he is more likely than not to be tortured "based solely on the fact that [he] is part of the large class of persons who have illegally departed China" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir.2005). Here, substantial evidence supports the agency's denial of Li's CAT claim, inasmuch as Li provided no basis for the agency to conclude that he, or someone in his "particular alleged circumstances," faces an elevated risk of torture. *Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED.